UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VONZAY GILMORE,

    Petitioner,

v.            Case No. 3:05-cv-76-J-32HTS

JAMES V. CROSBY, JR., et al.,

    Respondents.

**ORDER OF DISMISSAL WITH PREJUDICE**

Petitioner Vonzay Gilmore initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on January 18, 2005.[1]  Petitioner challenges a 1998 state court (Duval County, Florida) judgment of conviction for first degree murder and solicitation to commit first degree murder on the following grounds: (1) ineffective assistance of counsel for misadvising her to waive the right to a twelve-person jury in

---

[1] The Petition (Doc. #1) was filed in this Court on January 18, 2005; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner signed the Petition and handed it to prison authorities for mailing to this Court (January 13, 2005).  See Houston v. Lack, 487 U.S. 266, 276 (1988).  The Court will also give Petitioner the benefit of the mailbox rule with respect to her state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

exchange for the State's waiver of the death penalty; (2) ineffective assistance of counsel for failure to adequately prepare for the sentencing phase; (3) ineffective assistance of counsel for failure to investigate and call witnesses for trial; and, (4) ineffective assistance of counsel for failure to object to the errors associated with the pre-sentence investigation.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in this subsection. <u>See</u> Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (hereinafter Motion to Dismiss) (Doc. #10). In support of their contentions, they submitted exhibits.[2] Petitioner was given admonitions and a time-frame to respond to the Motion to Dismiss. <u>See</u> Court's Order to Show Cause and Notice to Petitioner (Doc. #7); Court's Orders (Docs. #12, 15). Petitioner has responded to the Motion to Dismiss. <u>See</u> Petitioner's Response to Respondents' Motion to Dismiss (Doc. #16); Petitioner's Responses to Order (Docs. #14, 17).

After a jury trial, Petitioner Vonzay Gilmore was convicted on July 10, 1998, of first degree murder and solicitation to commit first degree murder. Ex. A. On July 24, 1998, she was sentenced to life imprisonment for the first degree murder and to a

---

[2] This Court will hereinafter refer to Respondents' exhibits as "Ex."

3

consecutive term of nine (9) years of incarceration for the solicitation to commit first degree murder.  Ex. B; see http://www.dc.state.fl.us/ActiveInmates (Florida Department of Corrections website).  Petitioner did not initiate a direct appeal by filing a timely notice of appeal within thirty days of the rendition of the judgment and sentence.  Ex. C.

On September 14, 1998, Petitioner, through counsel, filed a petition for a belated direct appeal in the appellate court.  Id. In compliance with the appellate court's order, Petitioner filed an amended petition on September 29, 1998.  Id.  In response to an order of the appellate court, the State conceded Petitioner's entitlement to a belated direct appeal.  Ex. D.  On January 22, 1999, the appellate court granted the amended petition seeking a belated direct appeal, and ordered that its opinion, upon issuance of the mandate, would serve as Petitioner's notice of direct appeal in the lower tribunal.  Ex. E; Gilmore v State, 724 So.2d 190 (Fla. 1st DCA 1999).  The mandate issued on February 9, 1999.  On May 18, 2000, the appellate court per curiam affirmed, and the mandate issued on June 5, 2000.  Ex. F; Gilmore v. State, 766 So.2d 1047 (Fla. 1st DCA 2000).

Petitioner's conviction became final on August 16, 2000 (ninety days after entry of the judgment).  See Supreme Court Rule 13.3.  This was after the April 24, 1996, effective date of the AEDPA.  Therefore, AEDPA's one-year limitation period began to run

on August 17, 2000.³  Her Petition, filed in this Court on January 13, 2005, would be untimely unless she could avail herself of one of the statutory provisions which extends or tolls the time period.

The one-year period of limitation ran for **six hundred and thirty-six (636) days** (August 17, 2000, to May 16, 2002) until Petitioner filed a motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850.  Ex. G.  Following an evidentiary hearing conducted on May 23, 2003, the court denied the motion for post conviction relief in a written order on June 25, 2003.  Ex. H.  On July 2, 2004, the appellate court per curiam affirmed without a written opinion.  Ex. I; Ex. J; Gilmore v. State, 876 So.2d 1208 (Fla. 1st DCA 2004).  The mandate issued on July 28, 2004.  Ex. J.

When a Rule 3.850 motion is filed after the expiration of the federal limitation period, the motion cannot toll the limitation period because there is no period left.  See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must actually have a properly filed state

---

³ See Wade v. Battle, 379 F.3d 1254, 1255 (11th Cir. 2004) (stating that petitioner's judgment of conviction became final when the ninety-day period in which to seek *certiorari* from the United States Supreme Court expired; AEDPA's one-year limitation period in § 2244(d)(1) began to run the day after the final day for seeking review expires); Dodd v. United States, 365 F.3d 1273, 1275 n.1 (11th Cir. 2004), aff'd, 125 S.Ct. 2478 (2005).  Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

court petition or motion pending within the one-year period in order to toll the limitation period), cert. denied, 534 U.S. 1144 (2002). Here, Petitioner waited until the one-year period of limitation had expired before she filed her motion for post conviction relief in the state court.

Petitioner was given the opportunity to address why the dictates of the one-year limitation period should not be imposed upon her. Petitioner argues that her lateness should be excused because she was transferred to different institutions while she was working on her Rule 3.850 motion, that her legal work was retained at Dade Correctional Institutional for four months, that she did not receive adequate legal assistance in the institutional law libraries and that she had two surgeries and hospitalizations in May of 2002 and October of 2002. She further claims that the untimeliness is the fault of her Rule 3.850 counsel for his failure to inform her of the one-year time limitation.

Upon review of Petitioner's arguments, this Court is of the opinion that Petitioner has not shown that she is entitled to the extraordinary relief of equitable tolling. Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003) (citations omitted), aff'd, 125 S.Ct. 1571 (2005). The Eleventh Circuit has emphasized, however,

that equitable tolling applies "only in truly extraordinary circumstances" and "is typically applied sparingly." Id. (citations omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted).

It is clear that attorney negligence does not warrant equitable tolling.

> Equitable tolling is to be applied when "'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling. Drew, 297 F.3d at 1286-87. Because of the difficult burden, this Court has rejected most claims for equitable tolling. See, e.g., Johnson v. United States, 340 F.3d 1219 (11th Cir. 2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); Helton, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); Steed v. Head, 219 F.3d 1298 (11th Cir. 2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); Sandvik v. United States, 177 F.3d 1269 (11th Cir. 1999) (holding that attorney negligence will not warrant equitable tolling).

Diaz v. Sec'y for the Dep't of Corr., 362 F.3d 698, 700-01 (11th Cir. 2004) (per curiam).

Here, Petitioner's complaints about dealing with institutional law libraries do not amount to extraordinary circumstances.  In

7

fact, the matters about which Petitioner complains constitute the rather ordinary circumstances faced by a *pro se* inmate petitioner in prison. There is nothing unusual or extraordinary about the difficulties Petitioner has encountered while incarcerated in prison. Furthermore, Petitioner has not shown an unconstitutional impediment to her right of access to the courts. See Akins v. United States, 204 F.3d 1086, 1090 (11th Cir.), cert. denied, 531 U.S. 971 (2000). In sum, Petitioner has failed to show extraordinary circumstances which prevented her from filing a timely petition.

As stated by the Eleventh Circuit:

> Because it is "an extraordinary remedy," Steed, 219 F.3d at 1300, equitable tolling has been permitted by federal courts "only sparingly," Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). A fundamental purpose for the AEDPA was to establish finality in post-conviction proceedings. Duncan v. Walker, 533 U.S. 167, 178, 121 S.Ct. 2120, 2127, 150 L.Ed.2d 251 (2001); Williams v. Taylor, 529 U.S. 420, 436, 120 S.Ct. 1479, 1490, 146 L.Ed.2d 435 (2000).

Jones v. United States, 304 F.3d 1035, 1038-39 (11th Cir. 2002) (per curiam), cert. denied, 538 U.S. 947 (2003).

The one-year statute of limitations adopted by Congress was meant to accelerate the federal habeas process, and Petitioner has not shown extraordinary circumstances to justify equitable tolling. Clearly, the burden is on Petitioner to make a showing of extraordinary circumstances, both beyond her control and

unavoidable even with diligence, and this high hurdle will not be surmounted easily.  Wade v. Battle, 379 F.3d at 1265 (citation omitted); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam), reh'g and suggestion for reh'g en banc denied, 207 F.3d 666 (11th Cir. 2000).  Petitioner has not shown extraordinary circumstances that were both beyond her control and unavoidable even with diligence.  Petitioner had ample time to exhaust state remedies and prepare and file a federal petition.  Thus, she is not entitled to equitable tolling of the limitation period in the case at bar.

In sum, Petitioner has not shown any justifiable reason why the dictates of the one-year limitation period should not be imposed upon her.  Therefore, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1.   Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. #10), in which they request the dismissal of the Petition, is **GRANTED**.

2.   The case is **DISMISSED** with prejudice.

  3. Petitioner's Motion for Appointment of Counsel, contained within her Response to Respondents' Motion to Dismiss (Doc. #16), is **DENIED.**

  4. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

  5. The Clerk of the Court shall close this case.

  **DONE AND ORDERED** at Jacksonville, Florida, this 12th day of September, 2005.

_____
TIMOTHY J. CORRIGAN
United States District Judge

sc 7/25
c:
Vonzay Gilmore
Assistant Attorney General (Jordan)

10